IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVON M. MORRIS, SR.,

            Plaintiff,

vs.                                          Case No. 21-3093-SAC

STATE OF KANSAS and KANSAS
DEPARTMENT OF CORRECTIONS,

            Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging violations of his constitutional rights in relation to his incarceration at the El Dorado Correctional Facility. Plaintiff has presented his complaint on forms for bringing an action pursuant to 42 U.S.C. § 1983.[1] This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

1

standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not relieved from following the same procedural rules as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). However, "if the court can reasonably read the pleadings to state a valid claim on which the [pro se} plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority [or] his confusion of various legal theories." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions

alleged in the complaint as true. Iqbal, 556 U.S. at 678; Hall, 935 F.2d at 1110. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights. Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations. They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

II. The complaint

Plaintiff alleges that contracted COVID-19 because he was placed in a cell with an inmate who was actively passing the disease. He claims he did not test positive for COVID-19 when he was transferred from Sedgwick County Jail to the El Dorado Correctional Facility on December 1, 2020. Plaintiff asserts that he tested positive and suffered adverse physical symptoms after he

3

was placed in a cell at EDCF with an inmate who was positive for the disease. Plaintiff asks for monetary damages. He names the "State of Kansas/KDOC" as defendants.

III. Plaintiff's claims against the State of Kansas and the Kansas Department of Corrections may not be brought under § 1983.

The Supreme Court has interpreted the provisions of § 1983 through the lens of the Eleventh Amendment, which protects a state's immunity against being sued in federal court. The Court held in Will v. Michigan Dept. of State Police, 491 U.S. 58, 70-71 (1989) that the § 1983 provisions allowing suits against "every person" who violates the Constitution through actions under the color or authority of State law, do not apply against States and state agencies; in other words they are not "persons" for purposes of § 1983.[2] This holding has been applied to § 1983 claims against the State of Kansas and the Kansas Department of Corrections. Franklin v. Kansas Dept. of Corrections, 160 Fed.Appx. 730, 734 (10th Cir. 12/23/2005); Cline v. Kansas, 2021 WL 2550173 *3 (D.Kan. 6/22/2021); Lowery v. Kansas, 2021 WL 2401938 *3 (D.Kan. 6/11/2021); Blaurock v. Kansas Dept. of Corrections, 2011 WL 4001081 *2 (D.Kan. 9/8/2011); see also, Wilson v. Oklahoma Dept. of Corrections, 232 F.3d 903 *1 (10th Cir. 2000)(applying same holding to Oklahoma Department of Corrections).

---

[2] Will does not bar money damages claims under § 1983 against state officials in their individual capacities or claims for injunctive or declaratory relief against individual defendants in their official capacities.

4

IV. Conclusion

In conclusion, the court finds that plaintiff has failed to state a claim for relief under § 1983 against the State of Kansas or the Kansas Department of Corrections.  The court shall grant plaintiff time until September 10, 2021 to show cause why this case should not be dismissed or to file an amended complaint which corrects the deficiencies found in the original complaint.  An amended complaint should be printed on forms supplied by the Clerk of the Court which may be supplemented.  Failure to respond to this order may result in the dismissal of this case.

**IT IS SO ORDERED.**

Dated this 11th day of August 2021, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge